IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN F. WINKELMAN, JR., : | |
|     Petitioner : | |
| : | No. 4:01-CR-304 |
| v. : | |
| : | (Chief Judge Kane) |
| UNITED STATES OF AMERICA : | |
|     Respondent : | |

## MEMORANDUM ORDER

Pending before the Court is Petitioner John F. Winkelman Jr.'s motion for the return of property filed pursuant to 18 U.S.C. § 982. (Doc. No. 1206.) In response to Petitioner's motion, the Government has filed a Motion to Dismiss. (Doc. No. 1211.) For the reasons that follow, the Court will deny Petitioner's motion and grant the Government's motion to dismiss.

On June 18, 2003, a jury convicted Petitioner John F. Winkelman, Jr. of a number of drug-related offenses. (Doc. No. 725.) By way of a special verdict, the jury found that Petitioner was jointly and severally liable with his brother George Winkelman for two million dollars, representing proceeds earned in the course of their drug trafficking operation. (Doc. No. 726.) On December 12, 2003, the Honorable James McClure sentenced Petitioner to life imprisonment. (Doc. No. 879.) Additionally, Judge McClure ordered that some of Petitioner's property, including the Sovereign Bank account at issue in this motion, be forfeited to the United States pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853. (Doc. No. 883.) Since his sentencing, Petitioner has filed a direct appeal and a number of unsuccessful collateral attacks on his sentence. On October 22, 2012, Petitioner filed the instant motion to return forfeited property pursuant to 18 U.S.C. § 982. (Doc. No. 1206.)

1

In the instant motion, Petitioner argues that the Sovereign Bank account forfeited as part of his conviction should be returned to him pursuant to 18 U.S.C. § 982. (Doc. No. 1206.) More specifically, Petitioner claims that the Sovereign Bank account must be returned to him because his due process rights and his right to counsel were violated during the forfeiture proceedings against him. Section 982 requires sentencing courts to order defendants to forfeit real and personal property to the United States where the defendant has violated certain enumerated provisions of the criminal code. 18 U.S.C. § 982. However, contrary to Petitioner's argument, Section 982 does not include a mechanism through which a defendant can seek to have forfeited property returned to him.

The United States Court of Appeals for the Third Circuit has addressed an appeal by Petitioner's brother and co-defendant, George Winkelman, related to a substantially similar motion. Winkelman v. United States, No. 12-1638, 2012 WL 3679206 (3d Cir. Aug. 28, 2012). George Winkelman appealed this Court's denial of a motion to return the forfeited Sovereign Bank account at issue in the instant motion, and the Third Circuit affirmed. The Third Circuit noted that, because there is no statutory mechanism for challenging a forfeiture and the forfeiture was ordered as part of a criminal judgment, a motion to return property is nothing more than a challenge of one's sentence. Id. at *2. The court held that, in order for the petitioner to "obtain return of his interest in the account, [he] must first succeed in invalidating his judgment." Id. Because a judgment is generally invalidated through direct appeal, and because George Winkelman did not include a challenge to the forfeiture in his direct appeal, the Third Circuit found that this Court properly denied his motion to have the forfeited bank account returned to him. Id.; see also Libretti v. United States, 516 U.S. 29, 40 (1995) ("[F]orfeiture is a criminal

sanction and is imposed as a sentence . . . .") (internal citations omitted); Young v. United States, 489 F.3d 313, 315 (7th Cir. 2007) ("[A] criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all . . . .")

There is no statutory authority permitting district courts to review a forfeiture order other than as a collateral attack on the petitioner's sentence.[1] Petitioner filed a direct appeal to the Third Circuit challenging both his conviction and his sentence, yet that appeal did not include a challenge to the forfeiture order. The Third Circuit affirmed Petitioner's conviction and sentence, which included the forfeiture of the Sovereign Bank account. (Doc. No. 984.) Because a criminal forfeiture "must be challenged on direct appeal or not at all," Petitioner has lost his ability to challenge the forfeiture of his Sovereign Bank account. Young, 489 F.3d at 315.

**ACCORDINGLY**, on this 21st day of November 2012, **IT IS HEREBY ORDERED THAT** Petitioners' motion for the return of property (Doc. No. 1206) is **DENIED** and the Government's motion to dismiss (Doc. No. 1211) is **GRANTED**.

                                          S/ Yvette Kane
                                          Yvette Kane, Chief Judge
                                          United States District Court
                                          Middle District of Pennsylvania

---

[1] Petitioner stated in his motion that he is not seeking collateral review of his conviction. He has already collaterally attacked his sentenced under 28 U.S.C. § 2255. To the extent that the instant motion can be construed as a collateral attack, it would be denied for lack of jurisdiction, because Petitioner has not received authorization from the Third Circuit to file a second or successive habeas petition.