IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE A. WINKELMAN and | : | |
| JOHN F. WINKELMAN, JR., | : | |
| Petitioners | : | No. 4:01-cr-304 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

**ORDER**

Currently pending before the Court is Petitioners George A. Winkelman and John F. Winkelman, Jr.'s joint motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 1204.) For the reasons stated more fully herein, the Court deems the motion a second or successive 28 U.S.C. § 2255 motion and will accordingly deny the motion for want of federal subject matter jurisdiction.

On June 18, 2003, following a jury trial, Petitioners were found guilty of a number of drug-related offenses. (Doc. Nos. 725, 726.) Petitioners were sentenced in 2003 and have exhausted their appeals. Petitioners have both filed several habeas petitions with this Court, all of which have been denied. The Court has informed Petitioners on several occasions that it lacks subject matter jurisdiction to rule on second or successive habeas petitions. Nonetheless, Petitioners come before the Court with yet another attempt to relitigate their habeas petitions and collaterally attack their convictions and sentences. Specifically, on October 9, 2012, Petitioners filed the instant motion to set aside judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure requesting that the Court set aside their convictions. (Doc. No. 1204.) In this motion, Petitioners contend that an allegedly faulty affidavit of probable cause warrants setting

1

aside judgment so that the Court can revisit a decision issued in a suppression hearing related to a search pursuant to that affidavit. (Id.)

Petitioners are correct in asserting that Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). However, "when the Rule 60(b) motion seeks to collaterally attack the petitioners' underlying conviction, the motion should be treated as a successive habeas petition." Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). Petitioners do not challenge the disposition of their prior motions to vacate. Rather, Petitioners use this motion in an attempt to have the Court set aside their conviction for purposes of reviewing a ruling made during the course of their trial. The issues raised by Petitioners in their Rule 60(b)(6) motion are intended as a means of collaterally attacking their underlying convictions and, as such, the motion must be construed as a successive habeas petition. Id.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a second or successive habeas corpus application filed by a federal prisoner like Petitioner:

> [M]ust be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Because Petitioners' Rule 60(b)(6) motion is construed as a successive habeas petition, it must be accompanied by certification from the Circuit Court authorizing the

petition. 28 U.S.C. § 2255(h). Petitioners have failed to obtain the certification required from the Third Circuit; therefore, the Court lacks jurisdiction over Petitioners' motion. Id.

**ACCORDINGLY**, on this 27th day of November 2012, **IT IS HEREBY ORDERED THAT** Petitioners' motion to set aside judgment under Rule 60(b)(6) (Doc. No. 1204) is **DENIED WITHOUT PREJUDICE** to Petitioners' right to seek permission from the United States Court of Appeals for the Third Circuit to file a second or successive motion pursuant to 28 U.S.C. § 2255.

Absent a certification from the Third Circuit that Petitioners may file a second or successive motion pursuant to Section 2255, the Court will entertain no further motions of this nature.

          S/ Yvette Kane
          Yvette Kane, Chief Judge
          United States District Court
          Middle District of Pennsylvania